UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**LARRY SMITH and**
**DIONNE SMITH**
                            **PLAINTIFFS**

**v.**                        **CIVIL ACTION NO. 5:20-CV-00837-EEF-KLN**

**3M COMPANY f/k/a MINNESOTA**
**MINING & MANUFACTURING COMPANY and**
**EMPIRE ABRASIVE EQUIPMENT COMPANY**        **DEFENDANTS**

**3M COMPANY'S MEMORANDUM IN SUPPORT OF**
<u>**PARTIAL MOTION TO DISMISS**</u>

### Introduction

3M moves for a partial dismissal of Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6). This motion presents two issues:

1. **Punitive Damages**. Under Louisiana law, punitive damages are recoverable only if authorized by statute. No statute authorizes punitive damages in a product liability action involving safety products like respirators (the products at issue). The Court should therefore dismiss Plaintiffs' punitive damages claim.

2. **Non-LPLA Claims**. The Louisiana Products Liability Act (LPLA) "establishes the exclusive theories of liability for manufacturers for damage caused by their products" and a plaintiff "may not recover" on "any theory of liability that is not set forth in" the LPLA. La. Rev. Stat. § 9:2800.52. This case is about alleged damage caused by products, respirators that 3M manufactured. Plaintiffs plead several non-LPLA claims: implied warranty, negligence, misrepresentation, and fraud. The Court should dismiss these claims as theories not set forth in the LPLA.

## Alleged Facts

Plaintiffs allege that Larry Smith was exposed to "silica and other hazardous dust" in his job at a glass company from 1980–2013, including through "abrasive blasting."[1] They do not allege that 3M manufactured the silica or any other dusty material in Smith's workplace. Nor do Plaintiffs allege that 3M stored, handled, or transported other hazardous or toxic substances that caused Plaintiffs' injuries.

Rather, Plaintiffs allege that 3M manufactured "respirators, namely the 3M 8710 and the 3M 8210," which Smith allegedly wore in a work environment where silica was in the air.[2] These identified products are disposable, filtering facepiece respirators. The respirators do not contain any toxins; they are safety products designed to reduce a user's exposure to toxins when worn properly in connection with an OSHA-mandated respiratory protection program.

Plaintiffs allege that 3M's respirators "failed to perform properly," allowing an injury-producing quantity of toxic dust to enter Smith's lungs and cause "bodily harm" including "silicosis and pneumoconiosis."[3]

3M denies that its products caused Plaintiffs' alleged injuries. But for purposes of this motion, the merits of Plaintiffs' case are irrelevant. The Complaint allegations, even if true, require dismissal of Plaintiffs' punitive damages and non-LPLA claims.

---

[1]    Doc. 1 ¶¶ 13-14.
[2]    *Id.* ¶15-17.
[3]    *Id.* ¶¶ 18, 20.

**Argument**

**1. The Court should dismiss the punitive damages claim because the claim lacks a statutory basis.**

This is a diversity jurisdiction case governed by Louisiana substantive law.[4] Under Louisiana law, "punitive or other penalty damages are not allowed unless expressly authorized by statute."[5] No statute authorizes punitive damages in this case. Plaintiffs do not allege any statutory basis for punitive damages and the case does not fall into any recognized category for imposing punitive damages.[6] Therefore, punitive damages are not allowed and the Court should dismiss Plaintiffs' claim for such damages (Counts VI and VII).

3M anticipates that Plaintiffs will seek refuge from this result in former Civil Code article 2315.3. Before its amendment in 1996, that statute allowed punitive damages for injuries "caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances."[7] That language was removed from the statute more than 20 years ago and has never been revived.

Putting aside whether Plaintiffs can rely on an outdated version of statute instead of current Louisiana law, the plain language of former article 2315.5 does not fit. Plaintiffs do not allege that 3M stored, handled, or transported hazardous or toxic substances. Respirators are non-

---

[4] *Id.* ¶ 8; *Chevron Oronite Co., L.L.C. v. Jacobs Field Servs. N. Am., Inc.*, 951 F.3d 219, 232 (5th Cir. 2020) (reasoning that substantive issues in diversity jurisdiction cases are "controlled by state law" (citing *Benavides v. Mut. Life Ins. Co.*, 516 F.2d 393, 400 (5th Cir. 1975))).

[5] *Chauvin v. Exxon Mobil Corp.*, 158 So. 3d 761, 768 (La. 2014).

[6] *Taylor v. Denka Performance Elastomer LLC*, 332 F. Supp. 3d 1039, 1057 (E.D. La. 2018) ("The Civil Code permits punitive damages in causes of action arising out of child pornography (article 2315.3), driving while intoxicated (article 2315.4), child molestation (article 2315.7), and domestic abuse (article 2315.8).").

[7] 1990 La. Sess. Law Serv. 302.

hazardous and non-toxic: a respirator cannot hurt anyone; it is innocuous. Former article 2315.5 addressed things that are independently and inherently harmful: a "toxic pollutant," an "imminently dangerous chemical[] or mixture," a "poison."[8] In other words, former article 2315.5 *might* have applied to the storage, handling, or transportation of the silica that caused Plaintiffs' injuries. 3M manufactured respirators; even according to Plaintiffs' allegations, it did not store, handle, or transport silica to which Smith was exposed.

The Court should reject any attempt by Plaintiffs to expand former article 2315.3's reach to innocuous safety products that might be used around, or as protection against, hazardous or toxic substances like silica. "The general public policy in Louisiana is against punitive damages."[9] So, even "when a statute does authorize the imposition of punitive damages, it is strictly construed."[10] It would require an expansive construction of former article 2325.5 to apply that statute to respirators.

The Louisiana Supreme Court and the Fifth Circuit have rejected such an expansive construction. In *Ross v. Conoco*, plaintiffs sued several defendants for injuries caused by vinyl chloride exposure.[11] 3M was among the defendants, but it was not sued for manufacturing vinyl chloride. Rather, the *Ross* plaintiffs alleged that 3M had suppressed the results of tests it had performed on "dosimeters"—badges 3M manufactured that industrial workers wore to measure their exposure to vinyl chloride.[12] The Louisiana Supreme Court held that 3M's conduct was

---

[8]   *Black's Law Dictionary* (11th ed. 2019) (definitions of "hazardous substance" and "toxic").

[9]   *Stephenson v. Bryce W. Hotard Sunbelt Rentals, Inc.*, 271 So. 3d 190, 192 (La. 2019) (citing *Ross v. Conoco, Inc.*, 828 So. 2d 546, 555. (La. 2002)).

[10]  *Id*. (citing *Chauvin v. Exxon Mobil Corp.*, 158 So.3d 761, 768 (La. 2014)).

[11]  *Ross*, 828 So. 2d at 548-49.

[12]  *Id*. at 551.

beyond article 2315.5's reach, reasoning that the statute only applied to a defendant with "actual possession or control of the hazardous or toxic substance that caused injury" and not to a defendant whose conduct was "integrally related" to those substances.[13]

Similarly, in *Strauch v. Gates Rubber*, the plaintiffs sued the manufacturer of a hose used to spray anhydrous ammonia that had allegedly caused injury.[14] The Fifth Circuit held that the hose manufacturer's conduct was beyond article 2315.5's reach.[15] It reasoned that the hose was an "instrumentality by which others might store, handle or transport anhydrous ammonia," but that the hose manufacturer was not directly engaged any "of those three activities."[16] Put simply, for former article 2315.5 to apply, a defendant's conduct cannot simply "relate to" hazardous or toxic substances.[17]

These holdings mandate dismissal of Plaintiffs' punitive damages claim. Respirators may relate to silica exposure—just as the dosimeters in *Ross v. Conoco* and the hose in *Strauch v. Gates Rubber* related to other toxic exposures—but that does not matter. Respirators are not silica, just as a dosimeter is not vinyl chloride and a hose is not anhydrous ammonia. 3M made respirators; it did not "store, handle or transport" the silica that allegedly caused Smith's injury. Former article 2315.5 therefore does not apply. The Court should reject any expansive reading of that statute that contradicts these holdings.

---

[13] *Id*. at 556-57.

[14] *Strauch v. Gates Rubber Co*., 879 F.2d 1282, 1283-85 (5th Cir. 1989).

[15] *Id.* at 1287-88.

[16] *Id*.

[17] *Id*.

### 2. The Court should dismiss all non-LPLA claims; the LPLA is the exclusive remedy in this kind of case.

The LPLA is the exclusive remedy in product liability cases: "This Chapter establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter."[18] The LPLA applies in this case because Plaintiffs allege that 3M manufactured a product (respirators) that caused damage (the bodily harm described in the Complaint).

There are four theories contained in the LPLA: "defective design, defective manufacture, failure to warn, and breach of [express] warranty."[19] "Courts routinely dismiss claims against manufacturers that do not arise under the LPLA," including the very non-LPLA claims or theories set forth in Plaintiffs' Complaint: implied warranty, negligence, misrepresentation, and fraud.[20] The LPLA would not be an exclusive remedy if courts permitted a scattershot of other theories. This Court should apply the LPLA's plain language and dismiss Plaintiffs' non-LPLA claims--the implied warranty component of Count II, and Count III, Count IV, and Count V.

---

[18] La. Rev. Stat. § 9:2800.52.

[19] *Grenier v. Med. Eng'g Corp.*, 243 F.3d 200, 203 (5th Cir. 2001); La. Rev. Stat. §§ 9:2800.55 to -.58.

[20] *Lewis v. GE Healthcare, Inc.*, No. 5:19-CV-00490, 2020 WL 1490719, at *4 (W.D. La. Mar. 25, 2020) (negligence, misrepresentation, implied warranty, fraud) (citing *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1251 (5th Cir. 1997) (negligence, fraud, implied warranty); *Guillot v. Aventis Pasteur, Inc.*, No. 02-3373, 2013 WL 4508003, at *3 n.5 (E.D. La. Aug. 22, 2013) (negligence, implied warranty); *King v. Bayer Pharm. Corp.*, No. 09-0465, 2009 WL 2135223, at *4 (W.D. La. July 13, 2009) (negligence, implied warranty, misrepresentation)); *see also Batiste v. Stryker Corp.*, No. 319CV00574JWDEWD, 2020 WL 3451690, at *10 (M.D. La. June 24, 2020) (negligence, fraud, implied warranty); *McCleary v. Elekta, Inc.*, No. CV 19-00052, 2019 WL 5295699, at *4 (W.D. La. Oct. 18, 2019) (negligence).

This leaves Plaintiffs to pursue Count I and the express warranty component of Count II within the LPLA's confines.

## Conclusion

The Court should grant this motion and dismiss Plaintiffs' punitive damages claim and non-LPLA claims.

Respectfully submitted this 10th day of September, 2020.

                      **BRADLEY ARANT BOULT CUMMINGS LLP**

                By:    */s/ Christina M. Seanor*
                      CHRISTINA M. SEANOR (LA Bar #36937)
                      Counsel for Defendant, 3M Company

OF COUNSEL

Bradley Arant Boult Cummings LLP
One Jackson Place
188 East Capitol Street, Suite 1000
Jackson, MS 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
cseanor@bradley.com

4813-4900-4489.2

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing document with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

This, the 10th day of September, 2020.

*/s/ Christina M. Seanor*
Christina M. Seanor
