UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **LARRY SMITH AND** | **PLAINTIFFS** |
| **DIONNE SMITH** | |
| | |
| **v.** | **CIVIL ACTION NO. 5:20-CV-00837-EEF-KLN** |
| | |
| **3M COMPANY f/k/a MINNESOTA** | **DEFENDANTS** |
| **MINING & MANUFACTURING** | |
| **COMPANY and EMPIRE ABRASIVE** | |
| **EQUIPMENT COMPANY** | |

**EMPIRE ABRASIVE EQUIPMENT CORPORATION'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
<u>IMPLIED WARRANTY AND NEGLIGENCE CLAIMS</u>**

Defendant Empire Abrasive Equipment Corporation, erroneously sued as Empire Abrasive Equipment Company ("Empire"), files this its Memorandum in Support of its Motion to Dismiss Implied Warranty and Negligence Claims. [Doc. 23]. In support, Empire states as follows:

**I.  Introduction**

Plaintiffs Larry Smith and Dionne Smith seek damages for alleged injuries as the result of Plaintiff Larry Smith's ("Smith") alleged exposure to respirable silica. Plaintiffs' negligence and implied warranty claims must be dismissed with prejudice because they are not permitted under the Louisiana Products Liability Act ("LPLA") which governs Plaintiffs' claims.[1] The LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La. Rev. Stat. § 9:2800.52. Plaintiffs cannot recover damages caused by products on theories not contained in the LPLA. La. Rev. Stat. § 9:2800.52. Here, Plaintiffs sue Empire for

---

[1] Federal courts sitting in diversity apply state substantive law and federal procedural law. *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 206 (5th Cir. 2007). As such, district courts are "duty bound to apply Louisiana law." *Bladen v. C.B. Fleet Holding Co.*, 487 F. Supp. 2d 759, 763 (W.D. La. 2007) (applying the LPLA in a products liability-diversity jurisdiction case).

alleged damages from products manufactured by Empire. Plaintiffs' recourse for their alleged damages can only be brought under LPLA theories. Plaintiffs, however, raise several non-LPLA claims against Empire, including implied warranty of fitness and merchantability and negligence claims. These claims should be dismissed with prejudice because these theories not set forth in the LPLA.

## II. Background and facts alleged in the First Amended Complaint.

Plaintiffs filed suit in this court on June 30, 2020, and subsequently filed their First Amended Original Complaint on October 1, 2020. [Doc 1] (Complaint); [Doc. 16] (First Amended Original Complaint ("FAC")). In their First Amended Original Complaint, Plaintiffs allege Smith was exposed to "silica and other hazardous dust" in his work with Libbey Glass Company between 1980 and 2013. [Doc. 16] (FAC at ¶¶13-14). Plaintiffs claim Smith's duties included "abrasive blasting." *Id.* at ¶ 13. Plaintiffs allege further that Smith developed silicosis or pneumoconiosis from his work. *Id.* at ¶ 18.

Plaintiffs purport to raise four claims or "counts" against Empire, Counts VIII, IX, X and XI in the FAC. [Doc. 16] (FAC at p. 12-16). On closer examination, however, the claims raised in VIII and IX in the First Amended Original Complaint are identical, product liability theories of recovery. Thus, Plaintiffs assert three claims against Empire: product liability, negligence and breach of express and implied warranties of fitness and merchantability.[2] Specifically, Counts X

---

[2]Plaintiffs raised punitive damages claims exclusively against co-defendant 3M and not against Empire Corp. Plaintiffs, however, withdrew the claims for punitive damages when they excluded such claims in their First Amended Original Complaint. Further, Plaintiffs acknowledged that their punitive damages claims were withdrawn in their Response and Memorandum in opposition to Defendant 3M Company's Partial Motion to Dismiss [Doc. 15]. However, to the extent Plaintiffs' punitive damage claims can be construed to apply against Empire Corp., such claims must be dismissed because Louisiana law, which controls the question of punitive damages, does not permit Plaintiffs to seek punitive damage absent statutory authorization. There are no Louisiana statutes permitting a claim for punitive damages on Plaintiffs' claims, and Plaintiffs fail to identify any provision of Louisiana law authorizing the recovery of punitive damages. Consequently, any claim for punitive damages must be dismissed for the failure to state

and XI in the First Amended Original Complaint [Doc. 16] raise claims of negligence and implied warranty against Empire.

### III.   Argument

#### A.  Motion to dismiss standard.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." On a Rule 12(b)(6) motion to dismiss, district courts are limited to consideration of the contents of the pleadings, including attachments thereto. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). A pleading will survive a motion under Rule 12(b)(6) if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Because Plaintiffs' negligence and implied warranty claims are not viable under the LPLA, they are facially implausible and must be dismissed.

#### B.    **Plaintiffs' non-LPLA claims are subject to dismissal with prejudice.**

The LPLA provides Plaintiffs' exclusive remedy in this product liability case. The LPLA provides:

> This Chapter establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter.

La. Rev. Stat. § 9:2800.52.

Plaintiffs' seek damages caused by an allegedly defective product manufactured by Empire.  [Doc. 16] (FAC at pp. 12-16).  Therefore, the LPLA applies to Plaintiffs' claims and

---

a claim. F.R.C.P. 12(b)(6); *Taylor v. Denka Performance Elastomer LLC*, 332 F. Supp. 3d 1039, 1057 (E.D. La. 2018). ("The Civil Code permits punitive damages in causes of action arising out of child pornography (article 2315.3), driving while intoxicated (article 2315.4), child molestation (article 2315.7), and domestic abuse (article 2315.8).")

3

according to the LPLA, Plaintiffs are only permitted to bring claims based on the theories of liability set forth in the statute.

Four theories of liability are available to Plaintiffs under the LPLA: "defective design, defective manufacture, failure to warn, and breach of [express] warranty." *Grenier v. Medical Engineering Corp.*, 243 F.3d 200, 203 (5th Cir. 2001); La. Rev. Stat. §§ 9:2800.55 to -.58. "Courts routinely dismiss claims against manufacturers that do not arise under the LPLA," (*Ingram v. Bayer Corp.*, CIV.A. 02-0352, 2002 WL 1163613, at *2 (E.D. La. May 30, 2002), including the non-LPLA claims or theories of implied warranty and negligence raised by Plaintiffs against Empire.[3] Given the LPLA's plain and exclusive language, Plaintiffs' non-LPLA claims of negligence and implied warranty against Empire are barred and must be dismissed with prejudice for the failure of Plaintiffs to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6).

## IV. Conclusion

Because the Plaintiffs' non-LPLA claims of implied warranty and negligence are not set out in the LPLA and are thereby barred, Plaintiffs' First Amended Original Complaint fails to state a claim upon which relief can be granted as to these two claims. As a result, the court should dismiss these claims with prejudice under Federal Rule of Civil Procedure 12(b)(6).

---

[3]*See also Jefferson v. Lead Industries,* 106 F.3d 1245, 1251 (5th Cir. 1997) (affirming dismissal of plaintiff's claims of negligence, fraud by misrepresentation, market share liability, breach of implied warranty of fitness, and civil conspiracy due to exclusivity of the LPLA); *Lewis v. GE Healthcare, Inc.*, No. 5:19-CV-00490, 2020 WL 1490719, at *4 (W.D. La. Mar. 25, 2020) (negligence, misrepresentation, implied warranty, fraud) (citing *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1251 (5th Cir. 1997) (negligence, fraud, implied warranty); *Guillot v. Aventis Pasteur, Inc*., No. 02-3373, 2013 WL 4508003, at *3 n.5 (E.D. La. Aug. 22, 2013) (negligence, implied warranty); *King v. Bayer Pharm. Corp.*, No. 09-0465, 2009 WL 2135223, at *4 (W.D. La. July 13, 2009) (negligence, implied warranty, misrepresentation)); *Batiste v. Stryker Corp*., No. 319CV00574JWDEWD, 2020 WL 3451690, at *10 (M.D. La. June 24, 2020) (negligence, fraud, implied warranty); *McCleary v. Elekta, Inc*., No. CV 19- 00052, 2019 WL 5295699, at *4 (W.D. La. Oct. 18, 2019) (negligence).

Respectfully submitted this 26th day of October, 2020.

        **EMPIRE ABRASIVE EQUIPMENT CORPORATION**

**BY:**   */s/Johanna M. McMullan*
       **JOHANNA M. MCMULLAN, LA Bar No. 24555**
       **PAGE, MANNINO, PERESICH**
       **& McDERMOTT, P.L.L.C.**
       **460 BRIARWOOD DRIVE, SUITE 415**
       **POST OFFICE BOX 16450**
       **JACKSON, MS  39236-6450**
       **PHONE: (601) 896-0114 FAX: (601) 896-0114**
       **johanna.mcmullan@pmp.org**

## CERTIFICATE OF SERVICE

I, Johanna M. McMullan, of the law firm of Page, Mannino, Peresich & McDermott, P.L.L.C., certify that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which will provide a copy of same to all counsel of record.

THIS, the 26th day of October, 2020.

       */s/Johanna M. McMullan*
       **JOHANNA M. McMULLAN, LA Bar No. 24555**